# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**ANDREW JAMISON**                                                      **PETITIONER**

**v.**                                **No. 2:06CV73-B-A**

**WARDEN PARKER, ET AL**                          **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner petition of Andrew Jamison for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the instant petition for failure to exhaust state remedies, and the petitioner has responded. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to exhaust state remedies.

### Facts and Procedural Posture

On January 20, 2006, Andrew Jamison was convicted of attempted armed robbery (Count I) and possession of a stolen firearm (Count II) in the Circuit Court of Desoto County, Mississippi. The petitioner was sentenced in Count I to serve a term of ten years, with three years to serve and seven years on post-release supervision, as well as a consecutive term of five years in Count II. Under the sentencing order, both sentences were to be served in the custody of the Mississippi Department of Corrections. According to the records of the Mississippi Supreme Court, the petitioner has neither appealed his convictions nor sought post-conviction relief. The petitioner states that he filed an out-of-time appeal with the Mississippi Supreme Court and is awaiting a response on that appeal. According to the Mississippi Supreme Court Clerk's Office, however, there is no record of the petitioner having filed anything in that court.

**Discussion**

Jamison has filed this federal petition under 28 U.S.C. § 2254, which provides in part:

(b)(1) *An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that* --
    (A) *the applicant has exhausted the remedies available in the courts of the State*; or

    (B)(I) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1) (emphasis added). In addition, Section 2254(c) provides:

c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy the exhaustion requirement, a prisoner seeking federal *habeas corpus* relief must present his claims to the state's highest court in a procedurally proper manner to provide that court with a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999). The petitioner has not exhausted his state court remedies; therefore, the instant federal petition for a writ of *habeas corpus* shall be dismissed.

**One-Year Limitations Period for Federal *Habeas Corpus***

Although the petitioner claims that he mailed a motion to appeal out of time to the Mississippi Supreme Court and has presented mail logs to substantiate that claim, the fact remains that such a motion has not been filed in that court. The petitioner has spent a considerable amount of time and effort in an attempt to prove that he mailed the motion for out-

of-time appeal to the Mississippi Supreme Court. Whether that motion was lost in the mail or filed in the wrong case, the petitioner would do well to pursue his claims anew under the Mississippi Post-Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-1, *et seq.* Section 99-39-5 provides, in pertinent part:

> (2) A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi . . . . (exceptions omitted).

At this point, the petitioner could proceed to state court to pursue his claims (thus tolling the federal limitations period) and, thereafter, diligently file a new federal *habeas corpus* petition containing the exhausted claims. ***The court cautions the petitioner, however, that the one-year limitations period began ticking thirty days after the petitioner was sentenced – and will continue to run until he properly files a petition for post-conviction relief in state court.*** As such, the petitioner will have to proceed diligently in filing his state post-conviction motion in order to toll the one-year limitations period before it expires. ***Further, the court cautions the petitioner that a properly filed post-conviction motion will only toll the habeas limitations period while the motion is pending.*** Once a final decision is entered by the state court, the habeas limitations period will begin to run again.

In sum, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion shall issue today.

This the 28th day of August, 2006.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE